FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 11 PM 2: 41

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY MONTRELL WHITE, \*

    Petitioner, \*

v. \*

UNITED STATES OF AMERICA, \*

    Respondent. \*

Civ. Action No. 16-2201
Crim. Action No. 08-0197

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On June 24, 2008, Petitioner Gary Montrell White ("Petitioner" or "White") pled guilty to Bank Robbery, in violation of 18 U.S.C. § 2113(a),(f) (ECF No. 21.) During Petitioner's sentencing hearing, this Court found that Petitioner's prior convictions for robbery with a deadly weapon and first and second- degree assault qualified as "crimes of violence" under United States Sentencing Guideline (U.S.S.G.) § 4B1.2.(a). As a result, Petitioner was deemed a career offender under U.S.S.G § 4B1.1 and sentenced to a term of one-hundred and fifty (150) months imprisonment. (ECF No. 35.)

Seven years later, the Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. The Office of the Federal Public Defender (OFPD) then filed a motion on behalf of Petitioner under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 41.)

1

In 2017, however, the Supreme Court held in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017) that the advisory guidelines were not subject to *Johnson* challenges.[1] Pending before this Court is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 41.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner White's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 41) is DENIED.

## ANALYSIS

Petitioner's only claim is that under *Johnson*, the residual clause that this Court applied while sentencing Petitioner is void for vagueness. Therefore, this Court must determine whether Petitioner's prior convictions qualify as crimes of violence under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G § 4B1.2(a). In light of *Beckles*, however, this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's pending Motion to Vacate (ECF No. 41) is DENIED.

## CONCLUSION

For the reason stated above, Petitioner White's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 41) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order

---

[1] The OFPD filed many similar § 2255 motions on behalf of petitioners on the same grounds asserted here. In light of *Beckles*, the OFPD then filed motions to withdraw as counsel in many of these cases. Despite *Beckles* also applying to Petitioner White's Motion, the OFPD did not file a motion to withdraw in this case.

2

adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find White's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: May 11, 2018

_____
Richard D. Bennett
United States District Judge